**Ngu LUU; Helen Ng, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72903.
Agency Nos. A76–370–323, A76–370–319.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2003.*

Decided July 24, 2003.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

### MEMORANDUM **

Ngu Luu and his wife, Helen Ng,[1] natives and citizens of China, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's denial of their application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual determinations concerning a petitioner's eligibility for asylum, and must uphold them unless the evidence compels a contrary result. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Luu testified that he was detained and beaten by communist Vietnamese in Vietnam during 1967, because he provided intelligence information regarding the North Vietnamese to the United States government.

Luu provided no evidence of past persecution by the Chinese government and therefore substantial evidence supports the denial of his asylum application. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) (stating standard).

Luu also testified that he fears the Chinese government will persecute him because he provided intelligence information to the United States in 1967. This evidence does not compel the conclusion that Luu has a well-founded fear of future persecution. *See Prasad v. INS*, 47 F.3d 336,

339 (9th Cir.1995) (stating standard). Accordingly, Luu is not eligible for asylum.

Luu, in failing to qualify for asylum, necessarily failed to satisfy the more stringent standard required to establish eligibility for withholding of removal. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

Luu's contention that the BIA's failure to address his claim under Article 3 of the United Nation's Convention Against Torture violates due process is unavailing because there is no evidence in the record that Luu raised this claim with the IJ.

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Ng's asylum application is derivative of her husband's claim.